## GORLEY et al. v. HARPER et al.

A testator devised 700 acres of land to his wife and to his daughter Epsy, share and share alike, to have and to hold the same during their natural lives, and, upon the daughter dying without an heir, then all of the land was to revert to his estate to be divided between three other named children. The 700 acres were equally divided in kind between the life-tenants, each going into possession of her share, and so remaining until her death. After the death of the widow, the other four heirs and legatees divided in kind the 350 acres in which the widow had a life-estate, and executed to each other deeds in fee simple. Three of these legatees (other than the daughter Epsy) conveyed by deed 243 of the 350 acres to the defendant in fee simple. The daughter Epsy died, leaving two children, who brought this action to have canceled the above-recited deeds as a cloud upon their title, and for decree that the title to the 243 acres of land was in them. *Held:*

(a) The widow took an estate for life in half of the 700 acres of land, and at her death it reverted to the estate of testator, to be equally divided between the children named.

(b) The three legatees, other than the daughter Epsy, having conveyed their interest in the remainder after the widow's life-estate had terminated, after a division in kind between the legatees, the defendant, their vendee, obtained a good title as against the children of Epsy.

(c) The court did not err in directing a verdict for the defendant.

DECEMBER 15, 1914.

Equitable petition. Before Judge James B. Park. Baldwin superior court. January 16, 1914.

W. A. Gorley and N. L. Gorley Jr. filed their petition against J. Ben Harper, and alleged substantially as follows: Plaintiffs are the sons and only children of Mrs. Epsy Gorley, formerly Epsy Harper, daughter of Robert Harper, lately deceased. In or about the year 1885 Robert Harper died testate, and his will was duly probated. By the third item of the will (quoted in the opinion,

infra) he devised a tract of land containing 700 acres, more or less; the land herein sued for being a part thereof. About the year 1902, Edna Harper, the widow of Robert Harper, and one of the life-tenants referred to in the third item of the will, died, and thereafter, on December 2, 1903, Epsy Gorley, formerly Epsy Harper, daughter of Robert Harper, and one of the life-tenants named in item third of the will, executed and delivered a deed conveying to her brothers and sisters, namely, C. R. Harper, William I. Harper, and Mary E. Brown, formerly Harper, the contingent remaindermen referred to in the third item, a part of the tract of 700 acres of land covered by the third item, which portion of the 700 acres contains 243 acres, more or less, and which is described in the petition. This deed purports to be an absolute conveyance in fee simple. At or about the time of the execution and delivery of the above-mentioned deed, Charles R. and William I. Harper and Mary E. Brown, being together with Epsy Gorley the sole surviving children of Robert Harper, the testator, executed and delivered to Epsy Gorley a deed conveying to her 81 acres of the 700-acre tract. Both the deeds were executed and delivered by and between the above-named persons for the purpose of dividing between themselves the 700 acres of land in accordance with their own construction of the will. The deeds were exchanged and the division made between the parties on the assumption that upon the death of Edna Harper the fee to her undivided half interest in the 700 acres of land immediately vested in the heirs at law—the four persons named above. In pursuance of the deed and the division the persons named went into possession of the parcels of the 700-acre tract in accordance with the division, to wit: Epsy Gorley went into possession of 350 acres plus one fourth of the remaining half, which (according to plat and survey then made) aggregated 81 acres, more or less, and the other named three persons went into possession of the remainder, that is, the 243 acres, more or less. On December 3, 1903, Charles R. Harper, William I. Harper, and Mary E. Brown conveyed to J. Ben Harper, the defendant, the 243 acres of land absolutely and in fee simple, and he has remained in possession thereof, receiving the rents, issues, and profits therefrom since that date. Epsy Gorley, the mother of the plaintiffs, died about June, 1912, leaving petitioners her only surviving children. 'They contend that they are the sole remaindermen; that upon the death of Edna Harper her half interest in the life-

estate in the 700 acres ceased and determined; that Epsy Gorley became instantly the sole life-tenant, with remainder in fee to such child or children as survived her; and that, being the sole surviving children, they took jointly as tenants in common the fee to the whole of the land immediately upon the death of Epsy Gorley, their mother. They claim the fee-simple title to all of the 700 acres, of which the 243 acres is a part. They pray that the deed from Epsy Gorley to C. R. and William I. Harper and Mary E. Brown, and the deed from these three to the defendant, be surrendered and canceled as clouds upon their title; that the court decree the title in fee simple to the 243 acres of land to be in plaintiffs as tenants in common, etc.

It is averred in the defendant's answer, among other things, as follows: The 700 acres of land was divided, share and share alike, between Edna Harper and Epsy Harper (Epsy Gorley) upon the death of Robert Harper in 1884, in accordance with the will, and in accordance with the known and expressed intention of testator. In 1903, after the death of Edna Harper, when mutual deeds were passed between the children of the testator, it was a division of the 350 acres of land that was left to Edna Harper; and it was in accordance, not with their own construction of the will, but with the known and expressed intention of the testator. The defendant sets forth his construction of the will, and denies that the plaintiffs have any right, title, or interest in the 243 acres of land which he claims. He purchased the land in good faith, paying a valuable consideration therefor, and went into possession and control without any notice or knowledge of any adverse claims. The plaintiffs have ratified and confirmed the division, having since the death of Epsy taken possession of the 345 acres originally set apart to Epsy and also 81 acres subsequently set apart to her in addition to 10 acres not divided.

Upon the conclusion of the evidence, the court directed a verdict for the defendant, and the plaintiffs excepted.

*W. F. Jenkins* and *Allen & Pottle,* for plaintiffs.

*Samuel H. Sibley* and *D. S. Sanford,* for defendant.

HILL, J. (After stating the foregoing facts.) Robert H. Harper, by the third item of his will, made the following devise: "Item 3rd: I give all the remaining portion of my land, being about

seven hundred (700) acres, together with my residence, household and kitchen furniture, all my plantation tools, my horse Mack, two mules, cattle, hogs, the growing grain crops now on the place, also my interest (it being one half) in the mill, engine, and houses in which they are placed, to my wife Edna, and to my daughter Epsy, share and share alike, they (my wife and daughter) to have and to hold the same during their natural life, and upon my daughter dying without an heir, then all of the above property to revert to my estate to be divided between my children, Charles R., William I., and Mary E." The proper construction of this item of testator's will is controlling in this case. The contentions of the parties are substantially set out in the foregoing statement of facts. The well-recognized rule that courts in construing wills will seek diligently for the intention of the testator is peculiarly applicable to this case. By this item of his will the testator was providing for his wife and his invalid daughter. The evidence on the trial of the case showed that Edna Harper was the second wife of the testator, about 58 years old, and had children by a former husband, but none by her last marriage with the testator. He provided for her for life. Testator's daughter Epsy, who was also provided for by this item of the will, was not married at her father's death. She was between 35 and 38 years of age. She was always delicate, and suffered with some female trouble. Under these circumstances, the father naturally did not expect the daughter would marry, or, if so, that the daughter would bear children. But alas for human calculation. After testator's death the daughter, with a good legacy left her, did marry and have two sons, the plaintiffs in this case, and lived to the ripe old age of 69 years. But the father had provided for either contingency—her dying with or without children. He therefore devised and directed that the 700 acres of land should go to the wife Edna and the daughter Epsy, share and share alike, and they were to hold their respective shares during their life. They did, shortly after testator's death, divide the land and all the property devised, including "one chicken-house; and they sawed that in two." The share left to Edna, the wife, 350 acres, was to revert to and become a part of the estate of testator at her death and be divided between his children. The other share of 350 acres bequeathed to the daughter should be held by her for life; and if she died "without an heir," then "all the above property" was to revert to testator's

estate and be divided between his named children. We think it is clear that the testator meant that Edna's share should revert at her death, regardless of whether the daughter died with or without children; but it was only in the event that the daughter died without children that her share should also revert. In that event, "all the property" reverted to the estate, both Edna's and Epsy's, and only in that event. But the daughter did not die without children, but on the contrary did leave children at her death; and there being no remainder over provided for in the will, the testator doubtless intended that the daughter's share should go where the law of inheritance would place it, namely in her children. The 350 acres of land devised to Edna, the wife, vested at her death, as an executory devise in remainder, in the children of Robert H. Harper, the testator. They took an absolute fee-simple title to this 350 acres. The four children of the testator, including the daughter Epsy, all being sui juris and legatees under the will of Robert H. Harper, met and divided the 350 acres in which the widow's life-estate had terminated, executing to each other mutual deeds. Later the three children other than Epsy conveyed 243 acres of the 350 acres to the defendant, J. Ben. Harper, in fee simple, on December 3, 1903; and he has remained in possession thereof, receiving the rents, issues, and profits therefrom since that date. The plaintiffs elected in this case not to require a new division of the property, if it should be held that they were not entitled to the entire estate. Under the view we take of the case, we think the defendant obtained a good title to the land in controversy, and that the court, under the facts of this case, did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*